Frost, J.
delivered the opinion of the Court.
The Court is satisfied with the instructions of the Circuit Judge, on the points of law presented by the appeal.
The four years are to be computed from the death of Nathaniel Gordon, when the plaintiffs’s demand was payable, and when they might have commenced their action for its recovery. If one promise to pay A ten pounds on the day his marriage, the cause of action does not accrue until A is married. In an action, brought, by the widow, in the State Pennsylvania, against the executors of her husband, on obligation of the husband to his wife, made in the Slate 0f Louisiana, to pay her a sum of money, it was held the ac-did 110t accrue to the wife till the death of her husband; and the statutory period was to be computed from that time.
The statute of frauds, when it enacts that “ any agreement that is not to be performed within the space of one year, from *199 the making thereof,” shall be in writing, means an agreement not to be performed in the space of a year, and ex-, pressly so stipulated. A contingency is not within the stat-' ute — it must appear, within the agreement, that it is not to be performed till after the year, to make a note in writing necessary. A promise, in consideration of one guinea paid, to pay the plaintiff ten, on the day of his marriage, is not within the statute. Nor is a promise that, in consideration the plaintiff would forbear to sue, the executors of the debt or should pay the debt. The promise of the defendant to pay, on the death of Nathaniel Gordon, is within the princi-pie of these cases.
Fenton v. Em-bler®> ^ Bur-petervComp-Skin. 353. Wells v. Horton> | Bins-
l Rich. 270.
McKane v Bonner, i Bail. 113.
In Brown v. O’Brien, it was decided that if a promise be made to one for the benefit of another, the latter may sue on the promise.
A gift, executed by delivery, cannot be revoked either in part or entirely. By the delivery of a chattel to one, as a gift for another, the title of the donor is transferred to the do-nee, when the latter assents to the gift!; If the defendant had promised to deliver the chattels to the plaintiffs, at their father’s death, that would have vested the title in them. His promise to pay them the value, must have the same effect.— The jury were then properly instructed, that if the defendant, at the time the goods were delivered to him, promised to pay the value of them to the plaintiffs, the subsequent receipt and will of the donor, could not discharge the defendant’s liability. For it is a well settled rule that evidence of the acts and declarations of a donor, subsequent to, and inconsistent with a gift, shall not be admitted to invalidate it.
The motion is refused.
The whole Court concurred.

Motion refused.